**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

**RIAN WATTS,**

**Plaintiff,**

**v.**

**TANYA BLAKE-COLEMAN,**

**Defendant.**

**Civil No. 2011-61**

**ATTORNEYS:**

**Rian Watts**
*Pro se plaintiff.*

**Treston E. Moore, Esq.**
Moore Dodson & Russell, P.C.
St. Thomas, VI
*For Tanya Blake-Coleman.*

## MEMORANDUM OPINION AND ORDER

**GÓMEZ, J.**

Before the Court is the motion of Tanya Van Blake-Coleman for $21,503.70 in attorney's fees and costs from Rian Watts.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On May 27, 2011, Rian Watts ("Watts") initiated this action against FirstBank Virgin Islands and Tanya Blake-Coleman ("Blake-Coleman"). Watts claimed negligent entrustment against FirstBank and Blake-Coleman, breach of fiduciary duty against FirstBank, and conversion against FirstBank and Blake-Coleman. In a March 29, 2012, Order, this Court dismissed all claims asserted against FirstBank and the negligent entrustment claim

as to Blake-Coleman, leaving only the conversion claim against Blake-Coleman.

The matter was set for trial on February 19, 2013. All parties including Watts were provided with notice. Neither Watts nor any representative on her behalf appeared at trial. On June 28, 2013, the Court granted Blake-Coleman's motion to dismiss for failure to prosecute and closed the case.

## II. **DISCUSSION**

Title 5, section 541 of the Virgin Islands Code provides:

Costs which may be allowed in a civil action include:

> (1) Fees of officers, witnesses, and jurors;
> (2) Necessary expenses of taking depositions which were reasonably necessary in the action;
> (3) Expenses of publication of the summons or notices, and the postage when they are served by mail;
> (4) Compensation of a master as provided in Rule 53 of the Federal Rules of Civil Procedure;
> (5) Necessary expense of copying any public record, book, or document used as evidence in the trial; and
> (6) Attorney's fees as provided in subsection (b) of this section.

V.I. CODE ANN. tit. 5, § 541(a) (1986). The statute further provides: "there shall be allowed to the prevailing party in the judgment such sums as the court in its discretion may fix by way of indemnity for his attorney's fees in maintaining the action or defenses thereto . . . ." *Id.* at (b); *see also Home Depot, U.S.A. v. Bohlke Int'l Airways,* Civ. No. 1998-102, 2001 U.S.

Dist. LEXIS 6935, at *1-2 (D.V.I. Apr. 30, 2001) ("The decision whether to award attorney's fees to a prevailing party is entirely within the Court's discretion." (internal citation omitted)).

## II. ANALYSIS

### A. Costs

Blake-Coleman seeks reimbursement for a total of $501.70 in costs. Blake-Coleman asserts that she incurred the following expenses:

| | |
|---|---|
| 1. Online Research (West, LexisNexis) | $476.02 |
| 2. Postage | $0.45 |
| 3. Photocopying | $12.75 |
| 4. PACER | $12.48 |

(ECF No. 79-1.)

"[T]he general federal caselaw rule [is] that there is no fee or cost shifting except as authorized by statute or rule." *Abrams v. Lightolier Inc.*, 50 F.3d 1204, 1224 (3d Cir. 1995) (citing *Alyeska Pipeline Serv. Co. v. Wilderness Soc.*, 421 U.S. 240 (1975)). Section 541 allows awards for photocopying only if the photocopied documents are to be used as evidence in a trial. V.I. CODE ANN. tit. 5 § 541(a)(5). (providing for reimbursement of "[n]ecessary expense of copying any public record, book, or document used as evidence in the trial"). The statute does not authorize cost shifting for general photocopying expenses.

Accordingly, Blake-Coleman's claims for photocopying will not be allowed. Section 541 authorizes an award for postage used for the purpose of serving summons or notices. V.I. CODE ANN. tit. 5, § 541(a)(3). Because Blake-Coleman has not specified what this postage was used for, the Court will not allow reimbursement.

**B. Attorney's Fees**

To determine a fair and reasonable award of attorney's fees, the Court considers factors including the time and labor involved, skill required, customary charges for similar services, benefits obtained from the service, and the certainty of compensation. *Lempert v. Singer*, Civ. No. 1990-200, 1993 U.S. Dist. LEXIS 19923, at *5 (D.V.I. December 30, 1993); *see also Morcher v. Nash*, 32 F. Supp. 2d 239, 241 (D.V.I. 1998). Reasonable attorney's fees may include charges for work that was "useful and of a type ordinarily necessary to secure the final result obtained from the litigation." *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 561 (1986).

Applying the standards outlined above, the Court finds that some of the attorney's fees and costs claimed by Blake-Coleman are not allowable. The lumping of descriptions of work performed is one such issue that may require the Court to deny some of the

fees claimed. Extensive documentation is not required in order for a party to provide a district court with sufficient information. Rather, "specificity should only be required to the extent necessary for the district court 'to determine if the hours claimed are unreasonable for the work performed.'" *Washington*, 89 F.3d at 1037 (*quoting Rode v. Dellarciprete*, 892 F.2d 1177, 1190 (3d Cir. 1990)).

> [A] fee petition should include some fairly definite information as to the hours devoted to various general activities, e.g., pretrial discovery, settlement negotiations. . . . However it is not necessary to note the exact number of minutes spent nor the precise activity to which each hour was devoted nor the specific attainments of each attorney.

*Rode*, 892 F.2d at 1190 (quoting *Lindy Bros. Builders, Inc. of Phila. v. American Radiator & Standard Sanitary Corp.*, 487 F.2d 161, 167 (3d Cir. 1973)).

The Third Circuit addressed the specificity of fee petitions in *Tenafly Eruv Ass'n, Inc. v. Borough of Tenafly*, 195 F. App'x 93 (3d Cir. 2006) (unpublished). In that case, the Circuit addressed whether an appellant's fee petition that listed such entries as "Attn to brief" and "Attn to reply" provided the requisite level of specificity. The Court reasoned that, while greater specificity may be favored, such entries were "sufficiently clear to allow us to know the tasks to which [the appellant's attorney] devoted his time." *Tenafly*, 195 F.

App'x at 100. Nonetheless, the Circuit found that two entries describing the activities of the appellant's attorney did not measure up to the "sufficiently clear" standard. Specifically, the Circuit found that an entry for "attn to papers" and an entry for "attn to status" did not "provide any indication to what 'papers' or 'status' [the appellant's attorney] was attending." *Id*.

Here, several of Blake-Coleman's entries fail to provide enough detail for the Court's review. Entries such as, "E-mail and responses w/ Atty. DiRuzzo" and "Download, email, and responses" are similar to the entries found to be deficient by the Third Circuit in *Tenafly*. Entries that fail to provide information about the subject of the action taken by an attorney will be excluded.

The Court also notes that a few of the entries feature a list of varied activities. For instance, there is an entry with the following detail:

> Review Plaintiff's second amended complaint; revise and finalize Motion to Dismiss for Failure to State Claim; confer with TEM re same.

(08/29/2011 Matter Ledger Report for "HKK", ECF No. 79-1). The entry shows 1.7 hours billed for a total of $374 in fees. The lumping of activities in this way is disfavored. *See Good Timez, Inc. v. Phoenix Fire and Marine Ins. Co.*, 754 F. Supp. 459, 463

n.6 (D.V.I. 1991). To the extent that the Court considers the time associated with a lumped entry to exceed the time reasonable for the completion of those various tasks, the Court will reduce the fees associated with such entries.

Blake-Coleman also seeks reimbursement for conferences and communications between her own attorneys and legal staff. Several courts have acknowledged that civil rights cases may especially require the engagement of multiple attorneys. *See, e.g., Tenafly*, 195 F. App’x at 99 (noting that approximately 140 hours spent on meetings and conference calls was not intrinsically unreasonable in light of the complexity of the case and numerous parties involved); *Gay Officers Action League v. Puerto Rico*, 247 F. 3d 288, 297 (1st Cir. 2001) (“[C]ourts must be careful not to throw out the baby with the bath water. Given the complexity of modern litigation, the deployment of multiple attorneys is sometimes an eminently reasonable tactic.”) This is not such a case. The Court finds excessive some of the intra-office conferences between the attorneys and staff representing Blake-Coleman and will reduce or exclude entries associated with such conferences. *See Morcher v. Nash*, 32 F. Supp. 2d 239, 241 (D.V.I. 1998) (“Multiple lawyer conferences, not involving opposing counsel . . . involve duplicative work.”); *Staples v. Ruyter Bay Land Partners, LLC*,

Civ. No. 2005-11, 2008 U.S. Dist. LEXIS 9359, at *5 (D.V.I. Feb. 6, 2008).

The Court also notes that the issues in this case were not novel, but, rather, "relatively commonplace." *See Good Timez, Inc. v. Phoenix Fire & Marine Ins. Co.*, 754 F. Supp. 459, 463 (D.V.I. 1991) ("In computing what is a reasonable award of attorney's fees in a particular case, the court should consider, among other things, the novelty and complexity of the issues presented in that case.") (citing *Lindy Bros. Builders v. American Radiator & Standard Sanitary Corp.*, 487 F.2d 161, 168 (3d Cir. 1973)). Consequently, the Court will reduce the fee award to reflect those facts. *See Home Depot, U.S.A. v. Bohlke Int'l Airways*, Civ. No. 1998-102, 2001 U.S. Dist. LEXIS 6935, at *1-2 (D.V.I. Apr. 30, 2001) ("The decision whether to award attorney's fees to a prevailing party is entirely within the Court's discretion.") (internal citation omitted).

## IV. CONCLUSION

The Court will reduce the fee and cost award to reflect the circumstances outlined above.

The premises considered, it is hereby

**ORDERED** that Watts is liable to Blake-Coleman for attorney's fees in the amount of $16,156.50; and it is further

**ORDERED** that Watts is liable to Blake-Coleman for costs in the amount of $488.50.

**S____________________**

**CURTIS V. GÓMEZ**
**District Judge**